IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE A. MIRANDA,

       Plaintiff,

v.                                                                                              CV 07-879 CEG

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

## ORDER

This matter is before me on the Martone Law Firm's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1), with Supporting Memorandum, the Commissioner's response thereto, and the Martone Law Firm's Reply to the Commissioner's Response and Response to this Court's Order Directing Plaintiff to File a Supplemental Memorandum. See docket nos. 20, 23, and 25. For the reasons explained below, I will grant the motion.

Procedural Background

Felipe A. Miranda ("Plaintiff" or "Mr. Miranda") filed a claim for disability and supplemental security income benefits. After his claim was denied at all administrative levels, he brought an action for judicial review, represented by the Martone Law Firm. Concluding that the administrative law judge's decision was not supported by substantial evidence, I remanded the matter to the agency for a rehearing. See docket nos. 15 and 16. The Martone Law Firm then filed an unopposed motion for attorney fees under the Equal Access to Justice Act ("EAJA"). See docket nos. 17 and 18. I granted the motion and awarded $3,781.15 in attorney fees and costs. See docket no. 19.

On remand, an administrative law judge issued a favorable decision, finding that Cummings has been disabled since January 2002. See docket no. 20, exhibit A. The decision was issued on November 28, 2009. Id. By a Notice of Award dated February 16, 2009, the Social Security Administration informed Mr. Miranda that he is entitled to $89,285.00 in past-due benefits. See id., exhibit B.

On March 18, 2009, the Martone Law Firm filed the Motion for an Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(b). See docket no. 20. The law firm seeks $14,250.00 for legal services rendered before this Court. Id. The Commissioner of Social Security has filed a response in which he takes no position regarding the motion. See docket no. 23.[1]

## Legal Standards

When a court renders a judgment favorable to a social security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, this fee is paid out of, and not in addition to, the past-due benefits. See id.; Wrenn v. Astrue, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. McGraw v. Barnhart, 450 F.3d 493, 497 & n.2 (10th Cir. 2006). The court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further

---

[1] The Commissioner declines to take a position because he is not the true party in interest. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002) (stating that the Commissioner's role in the fee determination resembles that of a trustee for the claimant). Similarly, although the motion has purportedly been brought on Mr. Miranda's behalf, the Martone Law Firm is the real party in interest. See id.

proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." See id. at 496.

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding 25% of the past-due benefits. Gisbrecht, 535 U.S. at 807. The statute also requires the court to act as "an independent check" to ensure that fees are reasonable even if they fall below 25% of past-due benefits; there is no presumption that 25% is reasonable. Id. at 807 & n.17. Counsel has the burden of demonstrating the reasonableness of the fee. Id.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." Id. at 808. If the attorney is responsible for delay, the fee may be reduced so the attorney does not profit from the accumulation of benefits while the case was pending in court. Id. The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingent fee cases. Id. The statute does not contain a time limit for fee requests. The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." McGraw, 450 F.3d at 505.

Reasonableness Determination

Several factors weigh in favor of granting the Martone Law Firm the entire fee it seeks. The $14,250.00 fee represents about 16% of the past-due benefits and thus does not exceed the statutory cap. The fee agreement between Mr. Miranda and the Martone Law Firm allows the law firm to seek a fee amounting to 25% of all past-due benefits. See docket no. 20, exhibit C. The Social Security Administration has already approved a $5300 fee for the Martone Law Firm's

work at the agency level.  See id., exhibit B.  When that amount is added to the $14,250.00 sought by this Motion, the result is $19,550.00, which is just under 22% of the past-due benefits.  The Martone Law Firm has provided a breakdown of the time spent on this case and an affidavit from Gary Martone stating that they spent approximately 20.35 hours representing Mr. Miranda before this Court.  See docket no. 21 at 3-5.  The affidavit states that the Martone Law Firm does no hourly work.  Id. at 3.   Additionally, the affidavit details Mr. Martone's extensive experience and expertise in social security work.  Id. at 1-3.  The Martone Law Firm filed their motion requesting the fee approximately one month after Mr. Miranda was notified of the amount of past-due benefits, which was a reasonable period of time.  Finally, I recognize that the Martone Law Firm undertakes a significant risk in representing social security claimants on a contingency basis because only 35% of claimants who seek judicial review eventually obtain benefits.  See Faircloth v. Barnhart, 398 F. Supp. 2d 1169, 1173 (D.N.M. 2005).

Conclusion

**WHEREFORE,**

**IT IS HEREBY ORDERED** that the Martone Law Firm's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) is granted, and the Martone Law Firm is awarded $14,250.00 as a fee for the representation of Mr. Miranda before this Court.  As the Martone Law Firm acknowledges, the firm must remit the EAJA fees of $3,417.40 and the filing costs of $350.00, minus $1,314.02 for gross receipts tax and $25.25 for advanced costs for copies of medical records, to Mr. Miranda.

**SO ORDERED** this 13th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE